UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NAHEED GHASSEMI REVOCABLE TRUST,<br><br>*Plaintiff,*<br><br>v.<br><br>8TH ST. VENTURE HOLDINGS, LLC, *et al.,*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:25-CV-01979-CJN<br>)<br>)<br>)<br>)<br>) |

### APPELLEE Y&R 2022, LLC'S MOTION TO DISMISS
### APPELLANT THE NAHEED GHASSEMI REVOCABLE TRUST'S APPEAL

Appellee Y&R 2022, LLC ("Y&R"), by and through undersigned counsel, pursuant

to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and

the Local Rules of this Court, hereby moves to dismiss the untimely appeal filed on June

23, 2025, by counsel for Appellant Naheed Ghassemi Revocable Trust (the "Ghassemi

Trust"). In support, Y&R states as follows:

### PROCEDURAL BACKGROUND

At all times relevant in the underlying action that is the subject of this appeal, 8th

Street Venture Holdings, LLC (the "Debtor"), was the owner of certain real property

commonly known as 1111 8th Street, NE, Washington, D.C., 20002 (the "Property"). In

July 2021, an involuntary chapter 7 petition was filed against the Debtor in the United

States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"), and an

6338899v1

Order for Relief was entered on September 21, 2021.[1] In April 2022, the Bankruptcy Court approved the sale by the chapter 7 trustee of the Property free and clear of liens and encumbrances, with all such claims attaching to the proceeds of the sale to the same extent and with the same priority as they attached to the Property. The Bankruptcy Court further ordered that any excess proceeds from the sale be held in escrow pending resolution of a lien priority dispute between Y&R and the Ghassemi Trust, which were the beneficiaries of their respective deeds of trust secured by the Property.[2]

In May 2022, Appellant, the Ghassemi Trust, initiated the adversary proceeding below in the Bankruptcy Court.[3] As to Y&R, the Ghassemi Trust asserted a single count for declaratory judgment, seeking a determination that, prior to the Property's sale by the chapter 7 trustee, the Ghassemi Trust's deed of trust on the subject property had not been validly subordinated to the deed of trust held by Y&R by virtue of a recorded subordination agreement, and that the Ghassemi Trust held a first priority lien on the property. In turn, Y&R asserted a counterclaim against the Ghassemi Trust, maintaining that its own lien was superior and that the Ghassemi Trust's deed of trust had been properly subordinated to Y&R's deed of trust.[4]

---

[1] *In re 8th St. Venture Holdings, LLC*, Case No. 21-00188-ELG, ECF Nos. 1, 13.

[2] *In re 8th St. Venture Holdings, LLC*, Case No. 21-00188-ELG, ECF No. 73.

[3] *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF No. 1. The Bankruptcy Court subsequently bifurcated the adversary proceeding and transferred the Ghassemi Trust's claims that are not the subject of the instant appeal to Adversary Proceeding No. 23-10027-ELG. *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF No. 82.

[4] *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF No. 14.

6338899v1

Following discovery, the Ghassemi Trust and Y&R briefed and argued cross motions for summary judgment, with each seeking the Bankruptcy Court's decision on the lien priority dispute between the parties.[5] On May 29, 2025, the Bankruptcy Court entered an Order granting final judgment in favor of Y&R and determining that Y&R validly held a first priority lien on the Property prior to its sale and holds a first priority lien on the sale proceeds deposited into the Court registry by the chapter 7 trustee.[6]

On June 23, 2025, twenty-five (25) days after entry of the Order, the Ghassemi Trust, through counsel, filed a Notice of Appeal from the Bankruptcy Court's May 29, 2025 Order.[7] At no time prior to or following the filing did the Ghassemi Trust file any motion seeking to extend the deadline to appeal.

As the Ghassemi Trust's appeal is untimely under Federal Rule of Bankruptcy Procedure 8002(a), this Court lacks jurisdiction over this matter. Accordingly, Y&R moves this Court to dismiss the Ghassemi Trust's instant appeal.

## ARGUMENT

**I.    The Ghassemi Trust Failed to Timely File Its Notice of Appeal, Which Precludes This Court's Jurisdiction.**

---

[5] *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF Nos. 35, 36.
[6] *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF Nos. 110, 111.
[7] *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005-ELG, ECF No. 114.

6338899v1

In filing its Notice of Appeal twenty-five (25) days after the Bankruptcy Court's final Order, the Ghassemi Trust exceeded the fourteen (14) day window to appeal permitted by Bankruptcy Rule 8002(a) and is jurisdictionally barred from proceeding in the instant case.

Under 28 U.S.C. § 158(a), jurisdiction is conferred on this Court to hear appeals from final judgments, orders, and decrees "entered in cases and proceedings referred to the bankruptcy judges." Section 158(c)(2) provides that an appeal from a bankruptcy court "shall be taken in the . . . time provided by Rule 8002 of the Bankruptcy Rules." Similarly, Bankruptcy Rule 8003(a) reiterates that an appeal "from a bankruptcy court's judgment, order, or decree to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." In turn, Bankruptcy Rule 8002(a) mandates that a notice of appeal of a bankruptcy court's order must be filed within fourteen (14) days after entry of the order, judgment, or decree being appealed.

Failure to comply with a jurisdictional time prescription "deprives a court of adjudicatory authority over the case, necessitating dismissal." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) (citations omitted). Bankruptcy Rule 8002 "is 'strictly construed and requires strict compliance.'" *Riley v. Capitol Park II Condo. Ass'n* (*In re Riley*), No. 18-0605, 2019 WL 1432596, at *3 (D.D.C. Mar. 29, 2019) (citing *Dimeff v. Good* (*In re Good*), 281 B.R. 689, 694 (B.A.P. 10th Cir. 2002)).

In the instant case, there is no dispute that the Ghassemi Trust appeals the Order granting summary judgment in favor of Y&R entered by the Bankruptcy Court on May

4

29, 2025. Most critically, the Ghassemi Trust failed to file its Notice of Appeal within fourteen (14) days of the Order's entry, *i.e.*, by June 12, 2025, as required under Bankruptcy Rule 8002(a). Instead, the Ghassemi Trust belatedly filed on June 23, 2025, twenty-five (25) days after the Order was entered. Put simply, the Ghassemi Trust's untimely filing under Bankruptcy Rule 8002(a) precludes this Court's jurisdiction and/or further consideration. As this Court has previously noted, "[t]he Supreme Court – and every other court to have considered the matter – has held that an appeal within the prescribed time set forth in Rule 8002 is a 'mandatory and jurisdictional' requirement." *Riley*, 2019 WL 1432596, at *5 (citations omitted). The instant appeal must therefore be dismissed.

**II.    The Ghassemi Trust Failed to Move to Extend Its Deadline to Appeal and Is Barred from Seeking Such an Extension Out of Time.**

Notwithstanding the fourteen (14) day deadline specified by Bankruptcy Rule 8002(a), an appellant may request a limited extension of time to file a notice of appeal. Under Bankruptcy Rule 8002(d)(1)(A), a party may move the Bankruptcy Court for an extension of time within fourteen (14) days of the disputed order's entry. After the initial fourteen (14) day deadline, a party may move for an extension of time to file a notice of appeal within the following twenty-one (21) days only upon a showing of "excusable neglect." Fed. R. Bankr. P. 8002(d)(1)(B). In total, Bankruptcy Rule 8002(d) provides a potential appellant thirty-five (35) days to seek an extension of their deadline to appeal. After such time has expired, Bankruptcy Rule 8002(d) "does not allow a party to claim excusable neglect." *Budd v. Budd (In re Budd)*, 589 B.R. 1 (D.D.C. Sept. 4, 2018) (District

Court could not consider whether *pro se* appellant's failure to timely appeal was excusable because of her failure to timely move for an extension of time to file a notice of appeal); *see also Sloan v. Allen (In re Allen)*, Adversary Proceeding No. 16-00023, 2018 WL 2093327, at *1 (Bankr. D.D.C. May 1, 2018) (determining that no extension based on excusable neglect was possible because the would-be appellant failed to seek an extension of time within the deadline set by Bankruptcy Rule 8002(d)(2) before or after filing their tardy notice of appeal).

The Ghassemi Trust's thirty-five (35) day window to seek an extension for its belatedly filed Notice of Appeal expired on July 3, 2025. However, the Ghassemi Trust failed to move to extend the deadline to file the Notice of Appeal in the Bankruptcy Court within that thirty-five (35) day window, as required under Bankruptcy Rule 8002(d)(1), and is now precluded from doing so. *See Sloan*, 2018 WL 2093327, at *1; *see also Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992) (finding that the district court lacked jurisdiction to consider the merits of an appellant's untimely appeal where the appellant had failed to file within the complete window of time, pursuant to Rule 8002(a)(1) and (d)(2), a motion for extension of time alleging that her failure to file a notice of appeal within the time period established by Rule 8002(a)(1) was due to excusable neglect); *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.)*, 684 F.2d 410, 412–13 (6th Cir. 1982) (ruling that the district court erred in considering the issue of excusable neglect when no motion for an extension of time on that basis was filed in the bankruptcy court).

Moreover, the Ghassemi Trust's tardy Notice of Appeal cannot be treated as a motion to extend the time to appeal. This Court and others have recognized that a notice

6

6338899v1

of appeal cannot be construed as a motion for an extension of time due to excusable neglect, even if it was filed within the thirty-five (35) day window provided for such motions. *See Sloan*, 2018 WL 2093327, at *2; *see also Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1297 (11th Cir. 2000) (describing Bankruptcy Rule 8002 as an adaptation of Fed. R. App. P. 4(a) and explaining that because case law establishes that a late notice of appeal by an appellant in a civil case cannot be treated as a motion for extension of time due to excusable neglect under Rule 4(a)(5), similarly, a late notice of appeal in the bankruptcy context cannot be construed as a motion for extension of time due to excusable neglect); *Hickey v. Scott*, 987 F.Supp.2d 85, 89 (D.D.C. 2013) (quoting *United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 863 F.Supp.2d 18, 20–21 (D.D.C. 2012) ("'Eleven circuits have considered whether a notice of appeal can be treated as a motion for extension of time under Rule 4(a)(5) and all have answered in the negative.'").

In sum, the Ghassemi Trust's failure to comply with Bankruptcy Rule 8002 deprives this Court of jurisdiction over the instant appeal. Accordingly, Y&R respectfully requests that this Court dismiss the Ghassemi Trust's appeal.

6338899v1

Respectfully submitted,

/s/ Caroline Y. Lee-Ghosal
Nathan J. Bresee (Fed. Bar No. 991640)
Caroline Y. Lee-Ghosal (Fed. Bar No. 1697129)
Jackson & Campbell, PC
2300 N Street, NW, Suite 300
Washington, DC  20037
Telephone:  (202) 457-1600
Email: nbresee@jackscamp.com
        cleeghosal@jackscamp.com

*Counsel for Appellee Y&R 2022 LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July 2025, a true and accurate copy of the foregoing was served electronically via CM/ECF on all parties registered to receive such notice and/or by first class mail upon:

Harry M. Rifkin, Esq.
Law Offices of Harry M. Rifkin
2815 Cheswolde Road
Baltimore, MD 21209

/s/ Caroline Y. Lee-Ghosal
Caroline Y. Lee-Ghosal

8

6338899v1