**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NAHEED GHASSEMI REVOCABLE TRUST     *

    APPELLANT     *

v.     *

**Civil Action No. 1:25-CV-1979CJN**

**Y & R 2022, LLC**     *

    APPELLEE     *

• *   *   *   *   *   *   *   *   *   *   *   *   *

**NAHEED GHASSEMI REVOCABLE TRUST'S RESPONSE TO APPELLEE Y&R 2022, LLC'S MOTION TO DISMISS APPEAL**

Following the Bankruptcy Court's erroneous decision to award Y & R 2022, LLC, the junior creditor of 8ᵗʰ Street Venture Holdings, Inc.'s the Debtor in the involuntary bankruptcy case, the proceeds from the sale of the secured property that were sitting in escrow at the Court Appellant, the Naheed Ghassemi Revocable Trust, ("the Trust") filed an appeal to this Court, the Trust is unsure whether the Order granting Y & R summary judgment is a final appealable order since, there was no Judgment Order entered and since the funds have not been allocated, leaving the possibility of issues remaining in escrow after Y & R is paid in full as to the payment of the balance to the Trust or to the bankruptcy trustee. The law is clear that an appeal is not ripe until there is nothing left for the Bankruptcy Court to decide. See *Salim v. VW Credit, Inc.*, 577 B.R. 615, 623 (E.D. N.Y. 2017) citing *Nitzsche v. Muscatello (In re Muscatello)*, No. 06-cv-453, 2006 U.S. Dist. LEXIS 86486, 2006 WL 3437469, at *3 (N.D.N.Y. Nov. 29, 2006) ("A final order in a bankruptcy case becomes ripe for appeal when nothing is left for the bankruptcy court to decide on the issue.").

Herein, Judge Gunn's summary judgment order did not dispose of the issue as to how the funds in escrow with the Court were to be distributed. There was over $608,000 in escrow from the sale of the secured property. Y & R's claim was originally $517,500.00. Interest has accrued on that amount if no payments were made. The Bankruptcy Court did not determine how much was to be awarded to Y & R or if any moneys remain to be distributed to the Trust and how much. It merely determined the priority of the liens. As held in *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980). "Further, the Court recognizes that, where a court reserves judgment on the amount of interest due, an order resolving the principal dispute might be interlocutory instead of final where the interest sought is based on the terms of a contract which is the subject of a dispute." These are key issues that need to be resolved before an appeal would normally be allowed.

However, assuming the Order is treated a final appealable order, the Trust concedes that the appeal was filed more than 14 days after the grant of summary judgment, but notes that this deadline is based on Bankruptcy Rules 8001 and 8002 and is not jurisdictional leaving open the express right to move the bankruptcy court to enlarge the time to file an appeal to the District Court. 28 U.S.C. 158(c)(2) does not contradict the trust's position. It states, in relevant part that an appeal is to be taken "by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." Rule 8002 provides that an appeal is to be filed with the clerk of the Bankruptcy Court within 14 days, but Rule 8002(d) provides:

(d) **Extending the Time to Appeal**.

(1) *When the Time May be Extended*. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:

(A) within the time prescribed by this rule; or

(B) within 21 days after that time, if the party shows excusable neglect.

A motion to extend time to appeal has been filed with the clerk of the Bankruptcy Court.

Accordingly, the Trust requests that either this Court find that the appeal is premature and dismiss it or hold that the appeal is timely, with leave to file an out-of-time appeal.

/s/    *Harry M. Rifkin*
Harry M. Rifkin, Pro Hac Vice
Law Offices of Harry M. Rifkin
281 Cheswolde Road
Baltimore, Maryland 21209
(410) 779-9199
(410) 710-6947 (facsimile)

hrifkin@rifkinlaw.net

/s/ Christopher G. Hoge, Fed Bar No. 8712040015
Christopher G. Hoge
Attorney At Law
2911 Albemarle Street, N.W.
Washington, DC 20008
(202) 483-2900
(202) 483-1365 - fax
e-mail: cgh@chf-law.com

Attorneys for Naheed Ghassemi Revocable Trust

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 28th day of August, 2025, a copy of the foregoing Response to Motion of Y & R 2022, LLC's Motion to Dismiss Appeal was electronically filed and electronically served on:

Caroline Y. Lee-Ghosal
Nathan J. Bresee
Jackson & Campbell, PC
2300 N Street, NW, Suite 300
Washington, DC 20037

/s/    *Christopher G. Hoge*