UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: NAHEED GHASSEMI REVOCABLE TRUST<br><br>NAHEED GHASSEMI REVOCABLE TRUST,<br><br>    *Appellant*,<br><br>   v.<br><br>8TH ST. VENTURE HOLDINGS, LLC, *et al.*,<br><br>    *Appellees*. | Civil Action No. 1:25-cv-01979 (CJN) |

## ORDER

Before the Court is Appellee Y&R 2022, LLC's motion to dismiss for lack of jurisdiction an appeal from the U.S. Bankruptcy Court for the District of Columbia. ECF No. 3 (Mot.). Y&R argues that the Appellant, the Naheed Ghassemi Revocable Trust, failed to file its Notice of Appeal within the fourteen-day statutory window prescribed by Federal Rule of Bankruptcy Procedure 8002. The Trust opposes the motion. ECF No. 10 (Response). Upon consideration of the papers filed by the parties, the relevant opinions and orders of the Bankruptcy Court, and the entire record in this case, the Court grants the motion.

The Trust's appeal arises from an adversary proceeding concerning the priority of liens on real property located at 1111 8th Street N.E., Washington, D.C., 20002. *The Naheed Ghassemi Revocable Trust v. 8th Street Venture Holdings, LLC*, Adversary Proceeding No. 22-10005. On May 29, 2025, the Bankruptcy Court granted summary judgment for Y&R, having determined that the Trust's deed of trust had been validly subordinated to Y&R's deed of trust. ECF No. 1 at 4–

17 (Memorandum Opinion) and 18–19 (Order).  The Trust filed a Notice of Appeal twenty-five days later, on June 23, 2025.  Y&R moved to dismiss the appeal as untimely.  Mot. at 1.

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . of bankruptcy judges."  28 U.S.C. § 158(a)(1).  Such appeals must be "taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that a notice of appeal be filed "within 14 days after the judgment, order, or decree to be appealed is entered."  Rule 8002 is "strictly construed and requires strict compliance," *Riley v. Capitol Park II Condo. Ass'n, Inc.*, No. 18-cv-0605, 2019 WL 1432596, at *3 (D.D.C. Mar. 29, 2019) (citation omitted), and its statutory deadline is jurisdictional, thus "depriving reviewing courts of jurisdiction over an untimely appeal."  *Id.* at 5 (citation omitted).

Here, it is undisputed that the Trust filed its appeal out of time.  Response at 2 ("[T]he Trust concedes that the appeal was filed more than 14 days after the grant of summary judgment[.]").  Because the Trust failed to file within the requisite statutory window, the Court lacks jurisdiction to consider the appeal unless an exception applies.  The Trust invokes Rule 8002(d), *id.* at 2–3, which allows a *bankruptcy* judge to extend the deadline to file a notice of appeal, but there is no indication that the Bankruptcy Court has done so.  *See* ECF No. 11 at 3–4.

Perhaps sensing its losing hand, the Trust contends in the alternative that its appeal is premature because the Bankruptcy Court "did not determine how much was to be awarded to Y&R or if any moneys remain to be distributed to the Trust," but rather "merely determined the priority of the liens."  *Id.* at 2.  That argument is contradicted by the plain language of the Bankruptcy Court's decision, which explicitly states:  "Final judgment is entered in favor of Y&R on its Motion for Summary Judgment."  ECF 1 at 19 (emphasis deleted).

In other words, the Bankruptcy Court conclusively determined that Y&R holds "a first in priority lien against the real property" at issue in the dispute, *id.*, a decision the Trust decided to seek relief from. But the Trust failed to timely appeal that decision, and that delay is fatal because Rule 8002's deadline is jurisdictional. *In re Riley*, 2019 WL 1432596, at *5.

Accordingly, it is

**ORDERED** that Appellee Y&R 2022, LLC's Motion to Dismiss is **GRANTED**, and it is further

**ORDERED** that this case is **DISMISSED** for lack of jurisdiction.

The Clerk's Office is directed to terminate this case.

**SO ORDERED.**

DATE: January 21, 2026

CARL J. NICHOLS
United States District Judge